IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN GALBRAITH, ) | |
| ) | C.A. NO.: |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CHRISTIANA CARE HEALTH ) | |
| SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### Jurisdiction

1. This action arises under The Americans with Disability Act of 1990, as amended, 42 U.S.C. §12102 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. esq. ("Title VII") and 42 U.S.C. §1981, 1981(a) ("1981, 1981(a)") and the common law of the State of Delaware.

2. Jurisdiction of this Court is invoked pursuant to The Americans with Disability Act of 1990, as amended, 42 U.S.C. §12102 and Title VII, §1981 and 1981(a), 28 U.S.C. §1331, 1337, 1343, 2201, 2202 and 29 U.S.C. §216(b) and 626. This Court's jurisdiction over the state law claims is invoked pursuant to 28 U.S.C. §1331 and the Doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367. The Equal Employment Opportunity Commission issued a right to sue letter to Mr. Galbraith on April 12, 2007, a copy of which is attached as "Exhibit A".

3. Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §§2201, 2202, 29 U.S.C. §§216(b), 626(b) and the Americans with Disability Act of 1990, as amended, 42 U.S.C. §12102 and Title VII and 1981 and 1981(a).

4. Liquidated damages are sought pursuant to 29 U.S.C. §626(b).

5. Costs and attorneys fees are sought pursuant to 29 U.S.C. §216, The Americans with Disability Act of 1990, as amended, 42 U.S.C. §12102 and Title VII, 1981, 1981(a) and Federal Civil Procedure 54.

### Venue

6. This action properly lies in the District Court of the District of Delaware pursuant to 28 U.S.C. §1391(b) because claims arose in this judicial district, the defendant conducts business within the judicial district and the unlawful employment practice was committed in this judicial district.

### Parties

7. Brian Galbraith, plaintiff, is Delaware resident residing at 3604 Mill Creek Road, Wilmington, Delaware 19808.

8. Christiana Care, Inc. is a Delaware Corporation, with a business address of 4755 Ogletown-Stanton Road, Newark, Delaware 19718-6001.

9. Plaintiff was employed by Defendant as a Registered nurse from June 29, 1998 to November 1, 2000. During that employment he reported an on the job injury on February 10, 2000. Plaintiff was terminated from his employment with Defendant on November 1, 2000.

10. After leaving Defendant's employment Plaintiff worked as a Crisis Counselor in a Psychiatric facility from 2001 to 2003 and the as Director of Utilization Review for the same facility from 2003 to 2004

11. On or about August 17, 2004 Plaintiff applied for a position with Defendant. On October 5, 2004, by letter Defendant offered plaintiff a position as a Registered Nurse in the 4C-Neurosurgical Floor. The start date of that position was October 25, 2004.

12. Christina Collins, at all times relevant to this litigation was an employee and/or agent

of Christiana Care. Defendant, Christiana Care is bound by the actions of Ms. Collins under the Doctrine of Respondent Superior.

13. On Friday, October 22, 2004, after plaintiff had completed a pre-employment physical, after plaintiff had completed orientation and after completion of all pre-employment paperwork, Christine Collins, the Director of Employee Health Services for the Defendant called Plaintiff directly to rescind the employment offer based on her determination that Plaintiff was not capable of preforming the essential functions of the job.

14. Ms. Collins, was familiar with Plaintiff's prior medical history from his prior employment and made the determination, without a reasonable basis to do so, that Plaintiff was not capable of preforming the essential functions of the job.

15. There was no evidence to show that at the time he was offered employment, Plaintiff had a lifting restriction and therefore, Defendant, had no basis in which to rescind the offer of employment.

### COUNT I

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. Christiana Care, Inc. by, through Christine Collins discriminated against Mr. Galbraith based on a perceived disability by its adverse employment action in violation of the Americans with Disabilities Act of 1990, as amended and Title VII and 1981 and 1981a.

18. As a direct and proximate result of the discriminatory actions taken by defendants, Mr. Galbraith has suffered, is presently suffering and will continue to suffer lost income and benefits, lost future wages, loss of professional stature, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and non-pecuniary losses.

## COUNT II

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. Defendant's illegal withdraw of employment of Mr. Galbraith was a breach of the public policy of the State of Delaware and was therefore, a breach of the covenant of good faith and fair dealing implied in his employment contract.

21. As a direct and proximate result of the breach of the covenant of good faith and fair dealing implied in its contract with Mr. Galbraith by defendants, Mr. Galbraith has suffered, is presently suffering and will continue to suffer lost income and benefits, lost future wages, loss of professional stature, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and non-pecuniary losses.

22. Defendants wrongful misconduct was malicious, reckless, willful and wanton. Defendants are therefore liable to Mr. Galbraith for punitive damages

## COUNT III

### PUNITIVE DAMAGES

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. The actions of defendant, through its agent and employee, Christine Collins, were based on malice, recklessness and willful and wanton.

25. Ms. Collins testified in opposition to plaintiff's claim for worker compensation benefits arising from his 1990 on the job injury. Despite her testimony, plaintiff was awarded benefits. Ms. Collins' subsequent actions against plaintiff were in retribution for his prior claim.

**WHEREFORE**, Brian Galbraith respectfully requests that this Honorable Court grant him the following relief against defendants:

a. A judgement declaring that defendants conduct was in violation of law and Mr. Galbraith's rights;

b. A permanent injunction enjoining Defendants from engaging in such conduct in the future;

c. An order requiring Defendants to pay Mr. Galbraith the salary and benefits which he would have received had he not been illegally discharged;

d. An award of compensatory damages for Mr. Galbraith's lost income and benefits, lost future wages, loss of professional stature, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and non-pecuniary losses;

e. An award of liquidated damages;

f. An award of punitive damages;

g. An award of attorney's fees, costs and expenses of litigation and pre- and post-judgement interest; and

h. Such other relief as this Court deems just and proper.

**R. STOKES NOLTE, ESQUIRE**
Del Bar ID No. 2301
1010 N. Bancroft Parkway, Suite 21
Wilmington, DE 19806
(302) 777-1700
Attorney for Plaintiff Brian Galbraith

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Brian Galbraith

### DEFENDANTS
Christiana Care Health Services, Inc

(b) County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Nolte Associates
1010 N. Bancroft Pkwy Suite 21
Wilmington, DE 19805

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 USC 2000, 42 USC 1981 Americans with Disability Act of 1990, 42 USC 12102, Title VII of the Civil Rights Act of 1964
Brief description of cause: Wrongful termination based on ADA, Race and Gender

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: 5/25/07
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 337_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___5-25-07___
(Date forms issued)

___[signature]___
(Signature of Party or their Representative)

___J. Howell___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action