IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN GALBRAITH, :
: C.A. No. 07-CV-337
Plaintiff, :
:
v. :
:
CHRISTIANA CARE HEALTH SERVICES, INC. :
:
Defendant. :

**DEFENDANT'S ANSWER AND
<u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant Christiana Care Health Services, Inc. ("Defendant" or "Christiana Care"), through its attorneys, hereby answers the Complaint of Plaintiff Brian Galbreath (misnamed in the Complaint as "Brian Galbraith") ("Plaintiff") in accordance with its numbered paragraphs as follows:

1. The allegations in paragraph 1 contain conclusions of law to which no responsive pleading is required.

2. The allegations in paragraph 2 contain conclusions of law to which no responsive pleading is required.

3. The allegations in paragraph 3 contain conclusions of law to which no responsive pleading is required.

4. The allegations in paragraph 4 contain conclusions of law to which no responsive pleading is required.

5. The allegations in paragraph 5 contain conclusions of law to which no responsive pleading is required.

6. The allegations in paragraph 6 contain conclusions of law to which no responsive pleading is required.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. It is admitted that Christiana Care is a Delaware corporation with a place of business at 4755 Ogletown-Stanton, Newark, DE 19718-6001.

9. Admitted.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Admitted.

12. The allegations in this paragraph constitute conclusions of law to which no response is required.

13. Defendant admits only that, after Plaintiff went through a pre-employment physical examination on October 22, 2004, Defendant rescinded its offer of employment and invited Plaintiff to apply for different positions because Plaintiff's medical restrictions rendered him an unsuitable candidate for the position for which he applied. The remaining allegations of paragraph 13 are denied.

14. Denied.

15. Denied.

## COUNT I

16. Defendant hereby incorporates by reference its responses to paragraphs 1 through 15.

17. Denied.

18. Denied.

## COUNT II

19. Defendant hereby incorporates by reference its responses to paragraphs 1 through 18.

20. Denied.

21. Denied.

22. Denied.

## COUNT III

23. Defendant hereby incorporates by reference its responses to paragraphs 1 through 22.

24. Denied.

25. Defendant admits only that Ms. Collins testified at Plaintiff's worker's compensation hearing. The remaining allegations of paragraph 25 are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims for monetary relief are barred or diminished to the extent he has failed to mitigate his damages.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred to the extent he has failed to satisfy the statutory and/or jurisdictional prerequisites for the institution of an action under the statutes cited in the Complaint.

4. Plaintiff's demand for punitive damages is barred in whole or in part because Defendant has made good faith efforts to comply with anti-discrimination laws at all times and has adopted, publicized, and enforced policies against the type of

discrimination alleged in the Complaint.

5. All actions taken with respect to Plaintiff were taken in good faith and without discriminatory, harassing or retaliatory motive and for legitimate, non-discriminatory reasons.

6. Defendant has in place a strong policy against discrimination and Defendant otherwise exercised reasonable care to prevent and correct promptly any discrimination, and Plaintiff unreasonably failed to take advantage of any preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

7. The accommodations or other relief sought by Plaintiff impose an undue hardship on the operation of Defendant's business.

8. Defendant would have made the same decisions even in the absence of any impermissible factor.

9. The Complaint fails to state a claim upon which relief can be granted, in whole or in part.

10. Plaintiff's claim for damages is barred in whole or in part because Defendant engaged in good faith efforts to determine whether there was any reasonable accommodation that could permit Plaintiff to perform the essential functions of the position for which he applied.

**WHEREFORE**, Defendants request that the Court grant judgment in favor of Defendants and against Plaintiff on all claims and prayers for relief contained in the Complaint and award to Defendants their reasonable costs and attorneys' fees incurred in defending against this action, and any other relief that the Court deems just and appropriate.

/s/ James H. McMackin, III
David H. Williams (I.D. No. 616)
James H. McMackin, III (I.D. No. 4284)
MORRIS JAMES LLP
500 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Of Counsel:

Michael J. Ossip (mossip@morganlewis.com)
Thomas S. Bloom (tbloom@morganlewis.com)
Yordanos Teferi (yteferi@morganlewis.com)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

Attorneys for Defendant

Dated: July 30, 2007

1595424/1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIAN GALBRAITH, | : | |
| | : | C.A. No. 07-CV-337 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTIANA CARE HEALTH SERVICES, INC. | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on July 30, 2007, I electronically filed the attached **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

>R. Stokes Nolte, Esquire
>1010 N. Bancroft Parkway
>Suite 21
>Wilmington, DE 19805

>_/s/ David H. Williams_
>David H. Williams (#616)
>dwilliams@morrisjames.com
>James H. McMackin, III (#4284)
>jmcmackin@morrisjames.com
>MORRIS JAMES LLP
>500 Delaware Avenue, Suite 1500
>P.O. Box 2306
>Wilmington, DE 19899
>(302) 888-6900/5849

                                Michael J. Ossip (mossip@morganlewis.com)
                                Thomas S. Bloom (tbloom@morganlewis.com)
                                Yordanos Teferi (yteferi@morganlewis.com)
                                MORGAN, LEWIS & BOCKIUS LLP
                                1701 Market Street
                                Philadelphia, PA  19103
                                (215) 963-5761/5543

Dated:  July 30, 2007          Attorneys for Defendants

JYM/011747-0046/1595429/1