IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Brian Galbreath, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-CV-337- |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY |
| Christiana Care Health Services, Inc., | ) | DEMANDED |
| | ) | |
| Defendant. | ) | |

## RULE 16 JOINT STATUS REPORT

The parties hereby provide this Joint Status Report pursuant to Rule 16 of the Federal Rules of Civil Procedure and state as follows:

**1. Jurisdiction & Service**: The parties agree that this matter is properly before the Court and there are no issues regarding jurisdiction or service.

**2. Substance of Action:** Plaintiff's claims are of an unlawful employment practice by Defendant pursuant to the Americans with Disabilities Act and Title VII with a concurrent state law claim of a violation based on the covenant of good faith and fair dealing. Plaintiff, a nurse, was a prior employee of Defendant who made a substantial recovery against defendant as a result of a worker compensation injury. Plaintiff subsequently applied for and in October of 2004 was offered a new nursing position with Defendant. After plaintiff had completed a pre-employment physical, orientation and all pre-employment paperwork he was contacted by Christine Collins, Defendant's Director of Employee Health Services, who rescinded the employment offer based on her determination that Plaintiff was not capable of performing the essential functions of the job. Plaintiff contends that Ms. Collins discriminated against Plaintiff based on a perceived disability.

Defendant denies Plaintiff's allegations. Plaintiff was not offered employment based on its good faith assessment that Plaintiff could not perform the essential functions of the RN position for which he applied, with or without reasonable accommodation.

**3. Identification of Issues:**

    a. Was Plaintiff disabled within the meaning of the ADA?

    b. Was Plaintiff a qualified individual with a disability within the meaning of the ADA?

    c.    Did Defendant impermissibly perceive Plaintiff to be disabled within the meaning of the ADA?

    d.    Did Defendant discriminate against Plaintiff under the ADA?

    e.    Can Plaintiff pursue a claim under Title VII?

    f.    Does Plaintiff have a viable state law claim?

**4. Narrowing of the Issues:** The parties believe that the factual and legal issues between the parties may be narrowed following discovery.

**5. Relief:** Plaintiff seeks lost wages and punitive damages. Plaintiff had quit his prior job in order to take the position offered by Defendant. It took plaintiff approximately 3 months to find alternate employment. The job offer from Defendant was at $26.74 per hour, with a full benefits package (Medical and Retirement), available overtime and a 3% raise after three months which would have put plaintiff at $27.54 per hour. The job he found paid $28.32 per hour with no medical benefits and no retirement plan. Thus plaintiff has ongoing lost wages after he took the alternate position. Plaintiff calculates the actual lost wages at $14,000.00. Assuming a conservative figure for the cost of the medical and retirement package at 20% plaintiff has suffered an additional loss of benefits. Assuming an annual wage of $50,000.00 per year a 20% benefits package represents an additional $10,000.00 loss per year.

Plaintiff also seeks a punitive damage award as plaintiff anticipates the ability to convince a jury that Ms. Collins' actions were willful and wanton. Plaintiff will also seek attorney fees for a successful resolution of his claims.

**6. Amendment of Pleadings:** None is anticipated

**7. Joinder of Parties:** None is anticipated

**8. Discovery:** Discovery is ongoing. Written discovery has been exchanged and the parties anticipate that depositions should be undertaken shortly with a goal for completion by May of 2008.

**9. Estimated Trial Length.** The parties anticipate a 5 day trial at most and do not believe that bifurcation will be an efficient way to proceed. It may be possible to reach additional stipulations based on deposition testimony once those depositions are completed.

**10. Jury trial:** Plaintiff does wish for a jury trial.

**11. Settlement:** The parties have had initial settlement discussions as a result of the EEOC conciliation process. The parties agree that a referral to Magistrate Judge Thynge for mediation would be beneficial after the completion of discovery.

**12. Other Matters:** None

**13.** Please accept this joint submission as a statement by the undersigned that they have conferred in accordance with the Court's request.

<u>R. Stokes Nolte</u>
R. STOKES NOLTE, ESQUIRE (#2301)
1010 N. Bancroft Parkway
Suite 21
Wilmington, DE 19805
(302) 777-1700

Attorney for Plaintiff

Date: December 20, 2007

<u>David H. Williams</u>
DAVID H. WILLIAMS, ESQUIRE (# 616)
Morris James LLP
500 Delaware Avenue, Suite 1500
P. O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6900

Michael J. Ossip, Esquire
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103
(admitted pro hac vice)

Attorneys for Defendant

Date: December 20, 2008